UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GABRIELA HOYOS, GUILLERMO HOYOS,**

*Plaintiffs*,

v.                                            Case No.  SA-23-CV-00759-JKP

**U.S. BANK N.A.,**

*Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant U.S. Bank's Motion for Summary Judgment. *ECF No. 11*. Plaintiffs, who proceed with counsel, did not respond. Upon consideration, the Court grants U.S. Bank's Motion.

### Undisputed Factual Background

The undisputed summary judgment evidence shows on July 12 2005, Gabriela Hoyos executed a promissory note in the original principal amount of $336,000.00 (the "Note") in favor of Resmae Mortgage Company ("Resmae") and its assigns. *ECF No. 11, exh. 1-A*. On the same date, Gabriela Hoyos and Guillermo Hoyos executed a Deed of Trust ("Deed of Trust") establishing a first lien on certain real property ("the Property") securing the Note. *Id. at exh. 1-B*. The Note and Deed of Trust were later assigned to U.S. Bank. *Id. at exhs*. 1-C, 1-D.

Beginning on November 1, 2015, Gabriela Hoyos's payment on the Note became past due an no payments were made since that date. *Id. at exh*. 2-A. On December 21, 2015, U.S. Bank sent a Demand Letter-Notice of Default to Gabriela Hoyos at her last known address by

certified mail. *ECF No. 11, exh*. 1-E. On June 21, 2023, U.S. Bank's counsel sent an itemized Payoff Statement to the Hoyos' counsel. *Id. at exhs. 2 and 2-A*. On June 15, 2023, the Hoyos filed this action seeking injunctive and declaratory relief. *ECF No. 1-4*. The Hoyos sought to determine whether the payments on the Note were properly accounted or, alternatively, whether U.S. Bank charged unauthorized costs and expenses. *Id*.

On November 7, 2023, after service of all required notices were provided to the Hoyos, U. S. Bank completed a foreclosure sale on the Property. *ECF No. 1-F*. On November 14, 2023, U.S. Bank obtained an Order from the Bankruptcy Court confirming that no automatic stay precluded Defendant from foreclosing on the Property. *Id. at exh. 1-G*. Select Portfolio Servicing, Inc. ("SPS") is the current mortgage servicer for Defendant for the Loan. *Id. at exh. 1-H*.

On December 13, 2023, U.S. Bank filed this Motion for Summary Judgment. *ECF No. 11*. The Hoyos's response was due December 27, 2023. Because the Hoyos did not respond, the Magistrate Judge issued a Show Cause Order mandating that the Hoyos respond to the Motion for Summary Judgment by January 18, 2024. *ECF No. 12*. The Court admonished the Hoyos that failure to respond may result in the Motion being considered as unopposed. *Id*. The Hoyos did not respond.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014)(internal citation omitted). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In the event the nonmovant does not respond, a court may not grant summary judgment by default. *Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). Even if unopposed, the Court must still review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Morgan*, 114 F. Supp. 3d at 437. The Court is permitted to accept the summary-judgment movant's evidence as undisputed and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017); Fed. R. Civ. P. 56(e)(2). However, if the nonmovant verified the live Complaint, the Court may accept the attested facts as true. *Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980); *see Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Analysis**

In the Complaint, the Hoyos seek declaratory relief stating U.S. Bank did not properly account for all payments made on the Note or, alternatively, included charges not authorized by law or contract. *ECF No. 1-4, par. 8.*

The Declaratory Judgment Act allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Court may decline to entertain a request for declaratory relief where a plaintiff does not plead a viable claim. *Turner v. AmericaHomeKey, Inc.*, No. 3:11–CV–0860–D, 2011 WL 3606688, at *6–7 (N.D.Tex. Aug. 16, 2011), aff'd, 2013 WL 657772 (5th Cir. Feb. 22, 2013). Declaratory judgment is a form of relief and not an independent cause of action. *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M, 2014 WL 4414809, at *9 (N.D. Tex. Sep. 5, 2014). Accordingly, a declaratory judgment is unavailable when there is no viable cause of action which could support relief. *Id.*; *see also Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

In their Complaint, the Hoyos do not dispute they defaulted on their contractual payment obligations set out in the Note, nor do they dispute the Note became past due on November 1, 2015. *See ECF No. 1-4*. The Hoyos did not identify any payment they allege was made on the Note but not credited to the loan balance. The undisputed summary judgment evidence reveals the Hoyos were provided a Payoff Statement during this litigation detailing the amounts owed on the Loan, and this provided them an opportunity to identify any specific challenge to the balance due under the Note. *ECF No. 11, exhs. 2 and 2-A*. The Hoyos did not assert a breach of contract cause of action, nor identify any provision of the contract that was allegedly breached.

5

For these reasons, U.S. Bank satisfied its summary judgment burden to show there is no justiciable controversy to support the requested declaratory relief because the matter is governed by contract and there is no allegation that any provision of the contract is ambiguous, requires interpretation, or was breached by U.S. Bank. Additionally, any cause of action is now moot because foreclosure occurred and the Hoyos provide no allegation or evidence that they tendered any payment. Therefore, this Court has no legal basis to provide the requested declaratory relief that some of their payments were not properly accounted for. *Gibbs,* 2014 WL 4414809, at *9; *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

To the extent the Hoyos seek injunctive relief, such claim fails. To obtain injunctive relief, a plaintiff must plead and prove a viable cause of action supporting entry of a judgment. *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *10 (*citing Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002)); *see also Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012). Because the Hoyos did not assert a viable cause of action or basis for relief, any request for injunctive relief must be dismissed.

## Conclusion

For the reasons stated, the Court **GRANTS** U.S. Bank's Motion for Summary Judgment. The Clerk of Court is directed to close this case. The Court withdraws the referral of all pretrial matters to Magistrate Judge Bemporad.

It is so ORDERED.
SIGNED this 7th day of February, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE